# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TANA MITCHELL,

    *Plaintiff,*

v.

    Case No. 11-2208-EFM

FIRSTRUST MORTGAGE, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

    Defendant FirsTrust Mortgage, Inc., brought this motion for partial summary judgment on Plaintiff Tana Mitchell's claim that she was denied overtime pay in violation of the Fair Labor Standards Act ("FLSA").[1] FirsTrust argues that Mitchell's compensation complied with the FLSA's fluctuating workweek payment method. The Court concludes that no genuine issue of material fact exists regarding the fluctuating nature of Mitchell's workweek, the adequacy of her annual salary, or her understanding that she received a base salary regardless of the number of hours worked. FirsTrust is therefore entitled to partial summary judgment on Mitchell's claims that FirsTrust violated the overtime provisions of the FLSA.

---

[1] Count I of Mitchell's complaint alleges both a violation of overtime provisions and failure to compensate for hours that Mitchell worked through lunch. The complaint also includes a claim of retaliation (Count II). Neither the lunchtime compensation nor retaliation claims are at issue in the present motion. *See* Complaint, Doc. 1, at 3–5.

## I. Factual and Procedural Background[2]

Plaintiff Tana Mitchell was employed with Defendant FirsTrust Mortgage, Inc., as a funding and post-closing employee. Mitchell was classified as a nonexempt employee. Upon employment, Patricia Schoenwe, the Vice President/Corporate Secretary of FirsTrust, presented Mitchell with an employment offer letter. The letter sets out terms of Mitchell's employment, including paid time off, holiday pay, insurance options, 401K enrollment, and job training. The letter states, and Mitchell understood, that her base pay was an annual salary of $28,000. Schoenwe explained, and Mitchell understood, that FirsTrust employees were expected to work as long as it takes to get the job done and Mitchell's hours would thus fluctuate from week to week, although she worked a regularly scheduled shift. Her annual salary was later raised to $29,500. FirsTrust asserts that Mitchell was entitled to that base pay regardless of the number of hours she worked. Mitchell believed that her base salary represented a regular hourly rate of pay, first $13.46 and later $14.18 per hour.[3] Mitchell assumed that when she worked less than forty hours per week, she was not paid full wages.

Mitchell believed she was compensated for overtime work at a rate of one and one-half times her regular hourly rate—presumably, $6.23 and, later, $7.09 of additional pay for overtime hours. According to the twenty earnings statements submitted to the Court, Mitchell received

---

[2] Consistent with the standard for summary judgment, the following facts are either uncontroverted or set forth in the light most favorable to Mitchell, the nonmovant. *See LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[3] Mitchell's Memorandum in Opposition to FirsTrust's motion for partial summary judgment states that Mitchell's regular hourly rate of pay was $13.36 per hour, later raised to $14.19 per hour. *See* Def. Mem. in Opposition, Doc. 22, ¶ 26. The deposition testimony that Mitchell cites as support, however, states that her regular hourly rates represented on the exhibits in front of the deponent were $13.46 and $14.18. *See* Schonewe Dep., Doc. 22-2, at 10:13, 21:15. Because the numbers contained in the deponent's testimony reflect Mitchell's annual salary ($28,000, later $29,000) divided by 2080 hours (52 weeks multiplied by 40 hours per week), the Court will assume the numbers used in Mitchell's memorandum are typographical errors and not issues of genuine fact.

overtime at or exceeding her expected amount seven times.[4]  The rate of overtime pay Mitchell received varied over the course of her employment.  Mitchell was not aware of these fluctuations because she was paid via direct deposit and did not look at the electronic records of her earnings statements.  After receiving less compensation than she expected after working an unusually high number of overtime hours, Mitchell sought assistance to view her online payroll summary and discovered the fluctuating overtime rate.  The human resources officer who assisted Mitchell in accessing her online earnings statements allegedly told Mitchell that FirsTrust paid "Chinese overtime."

In fact, Mitchell's earnings statements reflect that she was paid overtime based on the "fluctuating workweek" method of compensation, which calculates an employee's overtime pay by first dividing the employee's fixed weekly salary by the hours worked that week, and then multiplying that amount by one and one-half.[5]  Schoenwe contends that she explains the FLSA's "fluctuating workweek" method of calculating overtime to all new employees.  Mitchell's offer letter makes no mention of overtime compensation and Mitchell disputes any allegation that Shoenwe explained such provisions to her.  FirsTrust's employee handbook states that nonexempt employees are entitled to overtime, but does not provide a formula for calculating overtime compensation.  The human resources employee and Mitchell's supervisor allegedly expressed doubt as to whether they were permitted to explain the fluctuating workweek calculation to Mitchell.

---

[4] Earnings Statements (Ex. H), Doc. 19-8, at 6–10.

[5] *See* 29 C.F.R. § 778.114(a).

## II. Legal Standard

**A. Summary Judgment**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[6] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[7] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[8] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[9] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[10] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment,[11] and the Court will not grant summary judgment "where there is reason to believe that the better course would be to proceed to a full trial.[12]

---

[6] Fed. R. Civ. P. 56(c).

[7] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[8] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[9] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[11] *LifeWise Master Funding*, 374 F.3d at 927.

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

B.  **Fair Labor Standards Act**

The Fair Labor Standards Act was enacted to ensure safe, efficient, and fair working conditions for employees throughout the country.[13] The FLSA includes minimum wage and maximum hour requirements that apply to all employees who do not fall within the Act's exemptions.[14] For these nonexempt employees, the FLSA mandates that employees who work in excess of forty hours per week must be compensated for the overtime work at "a rate not less than one and one-half times the regular rate at which [s]he is employed."[15] An employee's "regular rate" is defined in the Act to "to include all remuneration for employment paid to, or on behalf of, the employee."[16]

Department of Labor regulations permit payment based on a fluctuating work schedule. The applicable provision states:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act . . . if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.[17]

To determine the regular rate of pay for an employee receiving a fixed salary, the following calculation applies:

---

[13] *See* 29 U.S.C. § 202.

[14] *See* 29 U.S.C. § 213.

[15] 29 U.S.C. § 207(a)(1).

[16] 29 U.S.C. § 207(e).

[17] 29 C.F.R. § 778.114(a).

[T]he regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.[18]

The fluctuating workweek provision reflects the intention of the employer to pay the employee a flat rate for all hours worked—whether it be forty or sixty hours a week.[19] Employers must meet the following requirements to use the fluctuating workweek method of overtime compensation: (1) the employee's hours must fluctuate from week to week; (2) the employee must receive a fixed salary that is sufficient to provide compensation at a regular rate that is not less than minimum wage; and (3) the employer and the employee must have a clear, mutual understanding that the employee will receive the fixed salary regardless of the number of hours worked.[20]

### III. Analysis

FirsTrust argues that it is entitled to summary judgment on Mitchell's overtime compensation claim because Mitchell was a nonexempt employee who was fairly compensated pursuant to the FLSA's fluctuating workweek method. FirsTrust contends that it was entitled to use the fluctuating workweek method because (1) Mitchell worked fluctuating hours week to week as required "to get the job done"; (2) Mitchell's annual salary was fixed amount sufficient to guarantee that she received minimum wage for all hours worked; and (3) FirsTrust and

---

[18] *Id.*

[19] *See Clements v. Serco, Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008).

[20] *See id.*; *see also Flood v. New Hanover Cty.*, 125 F.3d 249, 252 (4th Cir. 1997).

Mitchell had a clear, mutual understanding that Mitchell's annual compensation was a fixed salary Mitchell was entitled to receive regardless of the number of hours she worked.

Mitchell contends that she worked a regular shift rather than a fluctuating schedule. Mitchell further argues that there was no clear understanding between the parties that Mitchell would be paid an annual salary regardless of the number of hours worked. Mitchell points to the employee manual, FirsTrust's utilization of paid time off, and representations from Mitchell's superiors as support for her argument that she reasonably believed she was compensated on an hourly basis. After careful review of the record, the Court finds, as a matter of law, that FirsTrust properly compensated Mitchell according to the fluctuating workweek method.

**A. There is no genuine issue of material fact as to whether Mitchell worked fluctuating hours.**

Mitchell argues that FirsTrust cannot use the fluctuating workweek method of overtime compensation because she did not work varying shifts. But nothing in 29 C.F.R. § 778.114 suggests that type of compensation is reserved for employees who work different shifts. The key inquiry is whether the employee's cumulative hours worked vary from week to week.[21] Mitchell's earnings statements show that her hours did indeed vary from week to week. Therefore, there is no issue of genuine fact as to whether Mitchell worked a fluctuating workweek.

**B. There is no genuine issue of material fact as to whether Mitchell was paid a fixed salary in an amount sufficient to guarantee that she received minimum wage.**

Mitchell does not contest FirsTrust's allegations regarding the sufficiency of Mitchell's annual salary as that amount relates to the federal minimum wage. According to FirsTrust's

---

[21] *See, e.g.*, *Valerio v. Putnam Assoc., Inc.*, 173 F.3d 35, 39 (1st Cir. 1999) (finding that an employee worked a fluctuating workweek under section 778.114 when the employee testified that she worked "8:30 to whenever").

calculations, Mitchell would have had to work more than 74.27 hours in a single week for her compensation to fall below the minimum hourly wage. There is no genuine issue of material fact that Mitchell's hours were under that threshold every week.

C. **There is no a genuine issue of material fact as to whether FirsTrust and Mitchell had a clear, mutual understanding that Mitchell was compensated on a salaried basis.**

FirsTrust correctly recites case law holding that the "clear mutual understanding" required in section 778.114 applies to the understanding between the employer and employee that "while the employee's hours may vary, his or her base salary will not."[22] An employer need not prove there was a clear understanding between the parties that the employee's overtime would be calculated pursuant to the fluctuating workweek formula.[23] The Court's only inquiry is whether a reasonable jury would necessarily conclude that Mitchell and FirsTrust "had a clear and mutual understanding that [Mitchell] would be paid on a salary basis for all hours worked."[24] The Court should look not only to Mitchell's deposition testimony and the post hoc contentions it contains about her understanding of the terms of her employment; instead, the Court should consider the understanding reflected in Mitchell's actions.[25] Comparing the record in this case to relevant case law, the Court must conclude there is no genuine issue of material fact as to whether Mitchell understood that she was not being paid on an hourly basis.

In the cases FirsTrust cites as support for its motion, each court concluded that the evidence clearly showed that there was a mutual understanding between the employer and

---

[22] *Valerio*, 173 F.3d at 40.

[23] *Id.* (citing *Bailey v. Cty. of Georgetown*, 94 F.3d 152, 156–57 (4th Cir. 1996)); *see also Mayhew v. Wells*, 125 F.3d 216, 219 (4th Cir. 1997).

[24] *Clements*, 530 F.3d at 1230.

[25] *See Clements*, 530 F.3d at 1231 (citation omitted).

employee as to the employee's status as a salaried worker, even if the evidence was equivocal as to the employee's understanding of overtime compensation methods. In *Clements v. Serco, Inc.*, the Tenth Circuit affirmed a district court's finding that a clear mutual understanding existed between the employer and employees because the employees stated in deposition testimony that they were hired on a salaried basis, routinely worked more than forty hours a week, and were neither docked for working less nor paid more for working in excess of forty hours a week.[26] The employees further described their employment to the Department of Labor in terms of salaried, rather than hourly, employment.[27]

Similarly, in *Valerio v. Putnam Associates, Inc.*, the First Circuit upheld a finding that the employee understood that she was employed on a salaried basis because the employee's deposition testimony reflected that she understood she would receive a fixed weekly salary and that her hours were indefinite.[28] And in *Mayhew v. Wells*, the Fourth Circuit agreed with the district court that there was "little doubt that Wells and Mayhew possessed a clear mutual understanding as to Mayhew's fixed salary."[29]

Like the aforementioned cases, the evidence in the record before the Court shows the parties' understanding of the method of Mitchell's compensation. Mitchell now contends that she believed that amount was the result of a regular hourly rate of pay—that she was paid an hourly rate for only those hours worked. But her deposition testimony clearly states the opposite belief, as shown in the following excerpts:

---

[26] 530 F.3d at 1230–31.

[27] *Clements*, 530 F.3d at 1231.

[28] 173 F.3d at 39.

[29] 125 F.3d at 219.

Q. Was that your understanding of your pay, that you were being paid at least $28,000 a year?

A. At least.

Q. Okay. And did you have that understanding that that meant that whether you worked under 40 hours in a week or over 40 hours in a week that year, you would at least receive 28,000?

A. At least.

Q. Is that a "yes," at least $28,000?

A. Yes, at least.

Q. At minimum?

A. At minimum.

Q. Is that you would? Yes?

A. Yes.

\*\*\*

Q. And when I use the term salary, do you understand that to mean that's the minimum you were going to receive for that year? Is that right?

A. Yes.

Q. Okay. So when you received that raise, your minimum base salary went to $29,500, is that correct?

A. That's correct.

Q. And, again, it's your understanding that you received that amount regardless of the number of hours of work; that was the minimum amount you were going to receive for that year?

A. That was my understanding.[30]

Mitchell clearly testified that she understood that she would receive "at least" and "at minimum" her base salary regardless of the number of hours she worked. The fact that Mitchell now asserts the opposite belief does not create a genuine issue of material fact for a jury to decide. The Tenth Circuit has warned that "the utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of

---

[30] Mitchell Dep. (Ex. A), Doc. 19-3, at 6:14–7:2, 7:16–8:3.

fact merely by submitting an affidavit contradicting his own prior testimony."[31] Mitchell has not submitted any evidence contradicting her earlier statement. It is undoubtedly true that references in the record to "hourly rate,"[32] "base weekly salary,"[33] and "annual salary"[34] show confusion about the form of Mitchell's compensation. But there is no evidence contradicting the nature of that compensation as Mitchell's "guaranteed,"[35] "minimum"[36] salary, "regardless of the number of hours of work."[37]

The fact that Mitchell received less than her guaranteed weekly salary during the week that she was sick does not create an issue of fact. That incident occurred in November 2009, yet it apparently did not alter the understanding Mitchell had of her salary on January 19, 2012, when she was deposed. At that time, Mitchell expressed a present understanding that she received a fixed annual salary. The deposition excerpts provided to the Court contain no clarifications or repudiations of that belief.

In conclusion, there is no genuine issue of material fact as to Mitchell's understanding that she received a fixed annual salary from FirsTrust, regardless of the number of hours she worked. FirsTrust was therefore entitled to utilize the fluctuating workweek method of overtime compensation as prescribed in 29 C.F.R. § 778.114. Consequently, FirsTrust is entitled to summary judgment on Mitchell's claims in Count I alleging inadequate overtime compensation.

---

[31] *Jackson v. Dillard's Dep't Stores, Inc.*, 92 Fed. App'x 583, 586 (10th Cir. 2003) (citation omitted).

[32] Mitchell Dep. (Ex. ), Doc. 22-3, at 14:21.

[33] *Id.* at 14:17–18.

[34] *Id.* at 15:9–10.

[35] *Id.* at 14:24.

[36] *Id.* at 7:17.

[37] *Id.* at 7:25–8:1.

As FirsTrust clarified in its reply memorandum, the instant motion has no effect on Mitchell's claim in Count I that FirsTrust did not properly compensate Mitchell for the times she worked through lunch or the retaliation claim in Count II.

**IT IS ACCORDINGLY ORDERED** this 7th day of February, 2013, that Defendant's Motion for Partial Summary Judgment (Doc. 18) is hereby **GRANTED**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE